**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| CYNTHIA D. BOWLES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:13-CV-801-JEM |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Cynthia D. Bowles on August 5, 2013, and Plaintiff's Opening Brief [DE 23], filed by Plaintiff on July 7, 2014. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On October 14, 2014, the Commissioner filed a response, and on November 17, 2014, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**PROCEDURAL BACKGROUND**

On June 14, 2005, Plaintiff filed an application for disability insurance benefits ("DIB") and an application for Supplemental Security Income ("SSI") with the U.S. Social Security Administration ("SSA") alleging that she became disabled on March 15, 2005. Plaintiff's application was denied initially and upon reconsideration. In March 2008, after appearing at a hearing, Plaintiff received an unfavorable decision, which the Appeals Council remanded. In August 2009, after appearing at a second hearing, Plaintiff received an unfavorable decision, which the Appeals Counsel also remanded in order to redevelop the evidentiary record and conduct a new hearing because the record and evidence could not be located. On August 1, 2012, Administrative Law Judge ("ALJ") Edward P. Studzinski held a hearing at which Plaintiff, with an attorney, and a

Vocational Expert ("VE") testified. On August 17, 2012, the ALJ issued a decision finding Plaintiff was not disabled. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on April 5, 2013. *See* 20 C.F.R. § 404.981. Under 42 U.S.C. § 405(g), Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements through June 30, 2010.

2. The claimant has not engaged in substantial gainful activity since March 15, 2005, the alleged onset date.

3. The claimant has the following severe impairments: neurofibromatosis, asthma, thoracic degenerative disc disease, and the late affects of bilateral carpal tunnel syndrome.

4. The claimant has the residual functional capacity to perform light work except the claimant can stand, walk, and sit for up to 6 hours in an 8-hour work period, but only if she is not required to assume any one position for more than 5 minutes, she would then require the option to alternate to another position for at least 5 minutes before resuming the prior position. The claimant is further limited to occasional lifting up to 10 pounds maximum. The claimant can occasionally climb rams and stairs, but never ladders, ropes, or scaffolds, and she can occasionally balance, stoop, kneel, crouch and/or crawl. The claimant is limited to occasional overhead reaching with the right upper extremity; she can perform frequent bilateral gross manipulations, but the work cannot require forceful torquing, grasping, or repetitive actions, nor can she use vibratory tools. The claimant does not have any fine finger manipulative limitations, but the work must allow the use of bilateral hand cock-up splits. The claimant must avoid concentrated exposure to extreme temperatures (cold/heat) and pulmonary irritants (dusts, orders, gases, fumes, etc.). The claimant requires the use of hearing aids at time; therefore the claimant cannot perform jobs that require fine hearing capabilities, or communication in excessively noisy environments. Lastly, due to the claimant's medication regimen, she must avoid all dangerous machinery, unprotected heights, exposed flames, and unprotected bodies of water. The claimant cannot perform work were driving is a requiring of the job and she is limited to simple routine tasks.

6. The claimant has no past relevant work.

7. The claimant was born on July 21, 1968, and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability from March 15, 2005 to August 17, 2012.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**FACTS**

Plaintiff was at all relevant times considered a younger individual. Plaintiff suffers from neurofibromatosis, asthma, thoracic degenerative disc disease, bilateral carpal tunnel syndrome, headaches, gastroesophageal reflux disease, irritable bowel syndrome, depressive disorder, anxiety disorder, mild sensorineural hearing loss, fibromyalgia, panic attacks and obstructive sleep apnea. In March 2008, Dr. Richardson, Plaintiff's treating physician, provided an opinion that Plaintiff could occasionally lift/carry up to 10 pounds; frequently lift/carry less than 10 pounds; stand and/or walk at least 2 hours in an 8 hour workday sit about 6 hours in an 8-hour work day; was limited in pushing/pulling in both the upper and lower extremities; could never balance; could sometimes climb, kneel, crouch, crawl and stoop; limited in reaching all directions and fingering (fine

manipulation); had unlimited in handling (gross manipulation) and feeling; occasionally reach. AR 1121-1124.

At the administrative hearing, the VE identified Plaintiff's past work as a cashier, tax preparer, waitress, and domestic cleaner. The ALJ asked whether jobs were available with certain hypothetical restrictions, including whether she was limited to light or sedentary work. The VE testified that Plaintiff could not perform her previous jobs. The VE testified that under light exertion limitations available jobs as a survey worker and information clerk were available in Indiana and nationwide. The VE also testified that under sedentary exertion limitation available jobs as a ampule sealer, telephone quote clerk, and microfilm document preparer were available in Indiana and nationwide.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227

F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

# DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. § 404.1520(e)-(f); 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §, § 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's

residual functioning capacity ("RFC"), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (citing SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. § 404.1545(a)) (other citations omitted). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

**A.  Residual Functional Capacity**

Plaintiff argues that the ALJ made errors in the RFC finding. The Commissioner argues that the ALJ properly considered the available medical evidence.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). According to SSA regulations:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p at *7. Although an ALJ is not required to discuss every piece of evidence, he must consider all of the evidence that is relevant to the disability determination and provide enough analysis in his decision to permit meaningful judicial review. *Clifford*, 227 F.3d at 870; *Young*, 362 F.3d at 1002. In other words, the ALJ must build an "accurate and logical bridge from the evidence to his conclusion." *Scott*, 297 F.3d at 595 (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

### 1. *Treating Physician*

Plaintiff argues that the ALJ did not properly consider the treating physician's opinion. The Commissioner argues that the ALJ properly considered the opinion.

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). Being "not inconsistent" does not require that opinion be supported directly by all of the other evidence "as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion." SSR 96-2p, 1996 WL 374188 at *3. To be "substantial," conflicting evidence "need only

8

be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389 (1971)); *see also Schmidt*, 395 F.3d at 744.

The ALJ gave "great weight" to the "uncontroverted" opinion of Plaintiff's treating physician, Dr. Richardson. AR 29. Dr. Richardson's opinion limited Plaintiff to sedentary work, along with additional limitations such as never balancing and limited fine finger manipulation, among others. AR 1121-1124. Despite giving Dr. Richardson's "uncontroverted" opinion "great weight" the ALJ found Plaintiff could perform light work, could occasionally balance, and did not have any fine finger manipulative limitations. AR 28. The ALJ did not give Dr. Richardson's opinions "controlling weight because of its remote nature and the abundant post-opinion evidence that reflected improvement regarding a number of the claimants conditions." AR 41. The ALJ explained:

> This included the findings in mid-2012 that the claimants asthma was stable when compliant with her medication, and the fact that many later magnetic resonance imaging (MRI) tests indicated that the claimant's neurofibromatosis was stable . . .. Further records by Dr. Richardson confirmed that the claimant has no sensation, motor, coordination, balance or gait issues that would warrant greater restriction.

AR 41.

It is not clear to the Court what post-opinion evidence reflected improvement to the extent that Plaintiff's abilities would change so significantly. The evidence directly cited to by the ALJ does not suggest improvement: that Plaintiff's asthma and neurofibromatosis were "stable" does not indicate improvement, but rather that there was no change. Although the later records from Dr. Richardson may not have indicated that greater restrictions should be imposed, they did not indicate that his previous limitations should be changed. In fact, the records cited to by the ALJ continue to note Plaintiff's carpal tunnel syndrome, generalized pain, and stated that there had been no recent

9

changes in medical history. AR 1609, 1614, 1618, 1621, 1624, 1627, 1630, 1633, 1638-1639. Even if there were improvement, "one's medical condition could improve drastically, but still be incapable of performing light work." *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014). The ALJ emphasizes words (in bold, italic font) such as "stable" and "moderate improvement," however, "[s]imply because one is characterized as 'stable' or 'improving' does not necessarily mean that she is capable of doing light work." *Id.* The ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. In this case, the ALJ failed to explain his reasoning and to build a logical bridge from the medical evidence, particularly Dr. Richardson's opinion which he claimed to give great weight, to his conclusions.

      *2.      Impermissible Medical Determinations*

Plaintiff argues that the ALJ improperly dismissed her headaches and chronic headaches when the ALJ found them neither severe nor non-severe and did not include them in the RFC. The Commissioner does not address this argument. The Court is concerned with the ALJ's addressing of the headaches, as well as other comments made by the ALJ that suggest he made impermissible medication determinations.

The Seventh Circuit has repeatedly held that ALJs are not to make their own independent medical findings. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). Judges have been warned not to "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases).

First, there is ample evidence in the record that Plaintiff was prescribed medications to treat headaches and migraines. The ALJ states that he did find the headaches to be a non-severe impairment to include in the RFC because the headaches "were considered a symptom, because there is ample evidence that what she experienced were 'rebound headaches.'" AR 27. It is not clear to the Court how the fact that headaches are a symptom means that they are not, in fact, diagnosed headaches. In addition, rebound headaches result from treatment of headaches and migraines by long-term use of medication to treat headaches. *Diseases and Conditions Rebound Headaches*, Mayo Clinic (December 2, 2014), http://www.mayoclinic.org/diseases-conditions/rebound-headaches/basics/definition/con-20024096. The ALJ failed to build a logical bridge from the evidence of headaches to his conclusion that they were not a non-severe impairment to be considered in the RFC.

The ALJ also made other comments that indicate he may have been substituting his own medical opinions. More than once the ALJ noted that doctors recommended that Plaintiff follow an exercise program, "which again is not what one would expect a treating physician to prescribe to a totally disabled individual with severe limitations like those alleged by the claimant." AR 32. *See also* AR 35-36. It is not obvious to the Court how the recommendation that she exercise diminishes Plaintiff's claimed impairments. *See, e.g., Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004) ("One does not need to be 'utterly incapacitated' in order to be disabled) (citing *Vertigan v. Halter*, 260 F.3d 1044 (9th Cir. 2001). Moreover, it fails "to consider the difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week." *Id*.

Since the case is being remanded on other grounds the ALJ is cautioned against making independent medical determinations.

 3. *Combination of Impairments*

The Court is also concerned that the ALJ may not have fully considered the combination of Plaintiff's impairments. "[A]n ALJ is required to consider the aggregate effects of a claimant's impairments, including impairments that, in isolation, are not severe." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) (citing 20 C.F.R. § 404.1523; *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003); *see also Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009) ("Although [] impairments may not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether. Moreover, . . . an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation."); *Sims v. Barnhart*, 309 F.3d 424, 432 (7th Cir. 2002) ("We remind ALJs that they must not narrowly confine their review to isolated impairments when the record shows that the impairments have some 'combined effect.'"); 20 C.F.R. § 404.1523 ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" to find disability.). The ALJ stated he "accounted for all the claimant's 'severe' and 'non-severe' medically determinable physical impairments when assessing her residual function capacity;" however it is not clear if he considered Plaintiff's many impairments in combination. On remand, the ALJ is reminded of the need to follow the requirement to consider the combination of Plaintiff's impairments, including those that are not severe on their own.

**B.      Vocational Expert Testimony**

The Commissioner argues that even if the Court concludes the ALJ failed to give sufficient reasons to discount Dr. Richardson's opinion, remand is not appropriate because the ALJ also had the VE consider available jobs for sedentary work, so any error was harmless. Plaintiff argues that it is not harmless error because the RFCs that the VE considered did not include other limitations, like those for fine manipulation, that were in Dr. Richardson's opinion.

Although the ALJ had the VE consider both sedentary and light work, he did not change any of the other limitations in the adopted RFC. AR 1754 - 1758. As discussed above, the Court is remanding the RFC on more than only the distinction between light and sedentary work. The ALJ also must consider the limitation to Plaintiff's fine hand manipulation as described by Dr. Richardson. The Social Security Administration Regulations establish that "[m]ost unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity." SSR 96-9P, 1996 WL 374185 (July 2, 1996).

The Court is also concerned with another component of the VE's testimony. The VE testified that Plaintiff would be able to perform work as an information clerk, ampule sealer, and microfilm document preparer, among other jobs. Recently, the Seventh Circuit Court of Appeals has questioned the appropriateness of relying on "job descriptions used by the Social Security Administration [that] come from a 23-year-old edition of the Dictionary of Occupational Titles, which is no longer published, and mainly moreover from information from 1977 – 37 years ago," noting that "[n]o doubt many of the jobs have changed and some have disappeared." *Browning v. Colvin*, 766 F.3d 702, 709 (7th Cir. 2014). Additionally, the *Browning* court expressed concern, particularly relevant in this case, that "[t]here is no official source of number of jobs for each job

13

classification in the Dictionary of Occupational Titles . . . [a]nd many of the [VEs] estimate the number of jobs of a type the applicant for benefits can perform by the unacceptably crude method of dividing the number of jobs in some large category (which may be the only available data) by the number of job classifications in the category." Id. at *7. That is of particular concern here, where several of the jobs described by the VE - notably, that of microfilm document preparer - seem likely to have changed or disappeared in the 37 years given new document storage methods but, as in *Browning*, in this case "the administrative law judge accepted without comment" the VE's claim "of the number of jobs . . . the plaintiff could perform that exist in the plaintiff's area." *Browning*, 766 F.3d at 709.

The case is being remanded for other reasons described above, and new VE testimony will likely need to be obtained based on the appropriate RFC findings. The ALJ is cautioned that he must incorporate all relevant limitations in his questioning of the VE. In addition, the Court recommends that the ALJ specifically ascertain the source of the VE's opinion that the jobs identified as able to be performed by Plaintiff do, in fact, actually exist in the regional economy

**C.     Remedy**

Plaintiff requests that the Court reverse the Commissioner's decision and remand for an award of benefits. An award of benefits is appropriate "only if all factual issues have been resolved and the record supports a finding of disability." *Briscoe*, 425 F.3d at 356. In this case, the ALJ failed to develop the record and draw a logical bridge from the evidence to his conclusions. Additionally, although Plaintiff requests an award of benefits, she fails to present a developed argument in favor of doing so. The ALJ must review the record in accordance with the regulations and fully explain how all of Plaintiff's limitations are incorporated into the RFC. These are issues that can only be

resolved through further proceedings on remand. Accordingly, this matter is remanded for further proceedings.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 23] and **REMANDS** this matter for further proceedings consistent with this opinion. However, the Court **DENIES** Plaintiff's request to award benefits.

SO ORDERED this 11th day of March, 2015.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record